Case 1:18-cr-00361-JRS-MJD   Document 63   Filed 08/19/24   Page 1 of 4 PageID #: 197

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern  District of  Indiana

United States of America
v.
Hawar A. Gundky

Case No.: 1:18-cr-00361

USM No.: 16581-028

Date of Original Judgment: 10/9/2019
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Edward F. Schrager
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 10/09/2019 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 08/19/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable James R. Sweeney, II
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-0361-JRS-MJD |
| | ) | |
| HAWAR GUNDKY, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order on Motion for Sentence Reduction**

Hawar Gundky was sentenced to 121 months' imprisonment after pleading guilty to Possession With the Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (J. 1–2, ECF No. 51.) This matter is now before the Court on Gundky's motion to reduce his sentence under 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF No. 55.)

## I.     Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Amendment 821, Part B, "Zero-Point Offenders" allows a two-level reduction in offense level to certain offenders with no prior criminal history. The

Court must consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment (n.1(B)).

## II. Discussion

Gundky was sentenced to 121 months' imprisonment. In imposing the sentence, the Court adopted the presentence investigation report prepared by the U.S. Probation Office. (Statement of Reasons 1, ECF No. 52.) The base offense level for the offense was 34 because the offense involved more than 5 but less than 15 kilograms of methamphetamine. (Presentence Investigation Report ¶ 17, ECF No. 47.) Three levels were subtracted because Gundky accepted responsibility for the offense. (*Id.* ¶¶ 24, 25.) Therefore, the total offense level was 31. (*Id.* ¶ 26.) Gundky's criminal history points resulted in a total criminal history score of three, establishing a criminal history category of II. (*Id.* ¶¶ 34, 35.) With an offense level of 31 and a criminal history category of II, the guideline range was 121 to 151 months' imprisonment. (*Id.* ¶ 59.) The Court imposed a sentence of 121 months.

Gundky argues that Amendment 821 should reduce his offense level, and therefore his guideline range, because he meets all the criteria outlined in USSG § 4C1.1. (Motion 1, ECF No. 55.) The Government argues that Gundky is ineligible for a reduction because he did receive criminal history points. (Gov't Opp. 5, ECF No. 62.) The Government is correct. The adjustment applies only if "the defendant did not receive any criminal history points from Chapter Four, Part A," Criminal History. USSG § 4C1.1(a)(1). Gundky, however, received three criminal history points. (PSR ¶ 34.) The Court may reduce a defendant's sentence only where the guideline range

2

"has subsequently been lowered."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). The applicable guideline range has not been lowered; therefore, the Court may not reduce Gundky's sentence.  Because a sentence reduction is not allowed, the Court does not reach the 18 U.S.C. § 3553(a) factors.

The 121-month term of imprisonment remains as imposed at sentencing.

### III.  Conclusion

The Court finds that Amendment 821 does not apply to Gundky because Gundky was not a zero-point offender.  Therefore, Amendment 821 changes neither the applicable guideline range nor his offense level.  Gundky's Motion to Reduce Sentence, (ECF No. 55), is **denied.**

**SO ORDERED.**

Date: 08/19/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Hawar Gundky
Reg. # 16581-028
FCI La Tuna
Federal Correctional Institution
P.O. Box 3000
Anthony, NM 88021

Distribution by CM/ECF to all counsel of record

3